Richard W. Booth, complainant,

*v.*

Josephine Iaccarino, as administratrix, and Mary M. Impagliazzo, defendants.

[Decided February 17th, 1932.]

*Messrs. McCarthy & McTague,* for the defendant Josephine Iaccarino.

*Mr. William M. Untermann,* for the defendant Mary M. Impagliazzo.

Lewis, V. C.

Michael Iaccarino was murdered on October 19th, 1929. Upon his body were found twelve new $100 bills, some $30 in other bills and certain jewelry. The money and jewelry were placed in the custody of complainant, treasurer of Essex county. Claim for them was made upon him by Josephine Iaccarino, as administratrix of Michael Iaccarino, and by Mary Impagliazzo, whereupon complainant brought this bill of interpleader, naming the two claimants as defendants. The defendants have presented their testimony at final hearing under the respective claims filed by them. Complainant deposited the cash and jewelry with the clerk of this court.

Mary Impagliazzo introduced competent testimony, showing that she had been the owner of the jewelry found on the body and that about ten days before the murder she had

drawn out from her bank $1,350 of which $1,300 was in new $100 bills. Taken in connection with the identification of the jewelry as being hers, it is perhaps a justifiable inference that the twelve new $100 bills found on the body were part of the thirteen new bills proved to have been in her possession ten days previously. She herself testified that she had turned the bills and the jewelry over to Michael Iaccarino to keep for her. If this be true, she is entitled to have them turned over to her by the complainant as stakeholder on the issue joined between her and the other claimant.

But this necessary link in her proof of ownership rests solely on her testimony, which is not admissible under the Evidence act.

In the absence of competent proof, the court can only surmise under what conditions Michael Iaccarino acquired the money and the jewelry. They might have been turned over to him as a gift, or in payment of an antecedent debt. Having been found in his possession, it is to be presumed that they were rightfully there, and in the absence of proof to the contrary, the court can hold only that they were his property.

A decree will be advised directing the clerk of the court to turn over the fund and jewelry in question to the defendant Josephine Iaccarino, as administratrix of Michael Iaccarino.